1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   AMERIQUEST MORTGAGE CO., et al.,                    CASE NO. 07cv0814 JM(AJB)

12                                        Plaintiffs,    ORDER DENYING MOTION TO
                                                         PROCEED IN FORMA PAUPERIS;
13           vs.                                         REMANDING ACTION TO STATE
                                                         COURT
14   MARY BOCHUM and STEPHANIE
     ASHLEY AND ASSOCIATES,

15                                        Defendants.

16

17          Defendant Mary Bochum moves for leave to prosecute this action _in forma_

18   _pauperis_ pursuant to 28 U.S.C. §1915.  The court denies the motion without prejudice

19   because Plaintiff has failed to submit a completed motion and application.  The motion

20   filed with this court omitted the second page of the application.  Accordingly, the court

21   is unable to adequately assess Plaintiff's motion to proceed _in forma pauperis_.

22          The court also _sua sponte_ remands this action to state court.  _See_ _Maniar v. FDIC_,

23   979 F.2d 782, 785 (9th Cir. 1992) (the court may _sua sponte_ remand an action to state

24   court).  Federal courts are courts of limited jurisdiction.  "Without jurisdiction the court

25   cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when

26   it ceases to exist, the only function remaining to the court is that of announcing the fact

27   and dismissing the cause."  _Steel Co. v. Citizens for a Better Environment_, 523 U.S. 83,

28   94 (1998) (quoting _Ex parte McCardle_, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264

07cv0814

1   (1868)).   Accordingly, federal courts are under a continuing duty to confirm their

2   jurisdictional power and are even "obliged to inquire <u>sua sponte</u> whenever a doubt

3   arises as to [its] existence. . . ." <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429

4   U.S. 274, 278 (1977) (citations omitted).

5         On January 11, 2007 Plaintiffs commenced an unlawful detainer action in the

6   Superior Court for the County of Riverside.   Plaintiff Ameriquest Mortgage Co. and

7   Defendants Stephanie Ashley and Mary Bochum are alleged citizens of the State of

8   California.  (Notice of Removal, ¶¶ 2, 5; Compl. ¶¶ 1, 2).  On May 4, 2007 Defendant

9   Bochum removed this action based upon diversity of citizenship.   As the parties are

10  alleged to be citizens of the State of California, diversity of citizenship is lacking under

11  28 U.S.C. §1332(a).

12        In sum, the court <u>sua sponte</u> remands this action to the Superior Court for the

13  County of Riverside.

14        **IT IS SO ORDERED.**

15  DATED:  October 4, 2007

16  _____

17  Hon. Jeffrey T. Miller
    United States District Judge

18

19  cc:        All parties

20

21

22

23

24

25

26

27

28

07cv0814